UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SAFORA M. LIFRAK,                                   :          04 Civ.4020 (SHS)
                                                    :
                    Plaintiff,                      :          OPINION & ORDER
                                                    :
        -against-                                   :
                                                    :
NEW YORK CITY COUNCIL,                              :
                                                    :
                    Defendant.                      :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

This action stems from gender and religious discrimination that Safora M. Lifrak allegedly experienced as an employee of the New York City Council. Lifrak asserts a claim pursuant to the Equal Pay Act, 29 U.S.C. § 206(d), as well as several claims pursuant to the New York State Human Rights Law and the New York City Administrative Code. The Council has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Council's motion pursuant to Fed. R. Civ. P. 12(b)(1) is granted, because Lifrak has not met her burden to show that she has statutory standing to pursue her sole federal claim.

I. Background

The facts as alleged in the complaint are as follows.

Lifrak has been employed since 1993 as an attorney in the office of the General Counsel to the New York City Council. (Compl. ¶ 9). From the start of her tenure with the City Council until 2002, she worked as employment law counsel, which required her to investigate employment discrimination concerns, advise on disciplinary matters, and supervise staff. (Id. ¶ 10). In that capacity, Lifrak also conducted training seminars and drafted civil rights legislation. (Id.). She currently serves as General Counsel to the Council's Committee on Standards and Ethics, a position she has held since early 2002,

1

and as Director of the Office of Equal Employment Opportunity Counsel, a position she assumed in February of 2004. (Id. ¶ 11). These roles involve advising Council members on legal and policy issues relating to the workplace. (Id.).

Starting in early 2002, Lifrak experienced a series of incidents in which a councilmember, Allan Jennings, allegedly harassed her on account of her gender and religion. Those alleged incidents are set forth in detail in the complaint (see id. ¶¶ 12-25), but their recitation here is unnecessary in light of the Court's conclusion that it lacks subject matter jurisdiction. Lifrak maintains that she lodged complaints regarding the mistreatment, which were ignored, and that Council Speaker Gifford Miller and General Counsel Thomas L. McMahon retaliated against her for drawing attention to the problem. (See id. ¶¶ 25-42). Lifrak also alleges that her "salary is substantially lower than that of the male lawyers performing the same or similar work." (Id. ¶ 30).

II. Analysis

Before addressing the merits of a given action, a federal court must consider the threshold question of whether it has subject matter jurisdiction to hear the case. See United Republic Ins. Co., in Receivership v. Chase Manhattan Bank, 315 F.3d 168, 170-71 (2d Cir. 2003); Concourse Rehab. & Nursing Ctr., Inc. v. DeBuono, 179 F.3d 38, 43 (2d Cir. 1999). Consequently, the Court's analysis of this motion to dismiss the complaint begins with the Council's contention that the Court lacks subject matter jurisdiction over Lifrak's claims.[1]

A. The Fed. R. Civ. P. 12(b)(1) Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United

---

[1] The Council also moves for dismissal on the grounds that 1) Lifrak's claim pursuant to New York State Labor Law section 194 is barred because that statutory provision does not apply to government agencies and 2) Lifrak's ethical obligations as an attorney representing the Council preclude her from bringing this action, because she is conflicted and has disclosed client confidences and secrets. The Court need not address those arguments in light of its conclusion that it lacks subject matter jurisdiction over Lifrak's federal claim.

States, 201 F.3d 110, 113 (2d Cir. 2000); see also Fed. R. Civ. P. 12(b)(1). The burden rests on the party invoking the court's authority to establish that the court possesses subject matter jurisdiction over the action. See Shenandoah v. Halbritter, 366 F.3d 89, 91 (2d Cir. 2004). That party must show by a preponderance of the evidence that subject matter jurisdiction exists. See Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002). In reviewing a motion to dismiss for lack of subject matter jurisdiction, a court may consider material outside the complaint. See Makarova, 201 F.3d at 113; Europe and Overseas Commodity Traders, S.A. v. Banque Paribas London, 147 F.3d 118, 121 n.1 (2d Cir. 1998).

B. Statutory Standing

According to the Council, the Equal Pay Act, 29 U.S.C. § 206(d) – pursuant to which Lifrak brings her only federal claim – does not provide a right of action for someone, such as Lifrak, who is employed by a local legislature and not subject to civil service laws. The Council therefore contends that Lifrak is deprived of statutory standing, a jurisdictional prerequisite to the Court's adjudication of this dispute. See Lerner v. Fleet Bank, N.A., 318 F.3d 113, 127 (2d Cir. 2003). Lifrak's complaint must be dismissed because she has failed to satisfy her burden to show by a preponderance of the evidence that she has statutory standing.

1. Statutory Standing As a Jurisdictional Prerequisite

There are generally two aspects to standing, constitutional standing pursuant to Article III of the Constitution and prudential standing, which involves "'judicially self-imposed limits on the exercise of federal jurisdiction….'" Lerner, 318 F.3d at 126 (quoting Allen v. Wright, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)). "Prudential considerations include 'the general prohibitions on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'"

Id. (quoting Allen, 468 U.S. at 751). Included among prudential considerations is the principle of statutory standing. Id.

It is beyond cavil that constitutional standing imposes a jurisdictional prerequisite to suit. Id. at 126-27. Similarly, "prudential considerations of standing are also generally treated as jurisdictional in nature…." Id. at 127; see also Thompson v. County of Franklin, 15 F.3d 245, 248 (2d Cir. 1994) (noting that "[t]he concept of standing – even in its prudential dimension – is a limitation on federal court jurisdiction") (citation and quotation marks omitted) (emphasis in Thompson). The U.S. Court of Appeals for the Second Circuit has held that an exception to that general rule exists "if merits issues are so intertwined with the standing issue that any distinction becomes 'exceedingly artificial.'" Lerner, 318 F.3d at 127-28 (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 97 n.2, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)). Here, the relevant statutory standing considerations are sufficiently distinct from the merits that adherence to the general rule is warranted. Lifrak has not argued otherwise. Accordingly, the Court has treated Lifrak's establishment of statutory standing as a jurisdictional prerequisite to the continuation of this action. See id. at 127.

2. Lifrak Has Failed to Show that She is an Employee Within the Contemplation of the Equal Pay Act's Private Right of Action

The Equal Pay Act, 29 U.S.C. § 206(d), was enacted as an amendment to the Fair Labor Standards Act ("FLSA"). See Northwest Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO, 451 U.S. 77, 79 n.1, 101 S. Ct. 1571, 67 L. Ed. 2d 750 (1981); Anderson v. State Univ. of N.Y., 169 F.3d 117, 119 (2d Cir. 1999), vacated on other grounds, 528 U.S. 1111, 120 S. Ct. 929, 145 L. Ed. 2d 807; Frasier v. Gen. Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991). "As part of the FLSA, the [Equal Pay Act] utilizes the FLSA's enforcement mechanisms and employs its definitional provisions." Anderson, 169 F.3d at 119. The FLSA provides the following private right of action that entitles individuals to enforce the Equal Pay Act: "Any employer who violates the provisions of [the Equal Pay Act] shall be liable to the employee or employees affected …." 29 U.S.C. § 216(b). To be able to sue

4

under section 216(b) of the FLSA, a plaintiff must be an "employee" within the contemplation of that act.  See Cameron–Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1248 (11th Cir. 2003); United Food & Commercial Workers Union, Local 1564 of N.M. v. Albertson's, Inc., 207 F.3d 1193, 1200 (10th Cir. 2000).

The definitions of terms in the FLSA apply to the same terms when referenced in Equal Pay Act claims.  See 29 C.F.R. § 1620.8 ("The words 'employer,' 'employee,' and 'employ' as used in the EPA are defined in the FLSA."); Birch v. Cuyahoga County Probate Court, 392 F.3d 151, 161 (6th Cir. 2004); Anderson, 169 F.3d at 119; Brewster v. Barnes, 788 F.2d 985, 990 n.7 (4th Cir. 1986); Marburger v. Upper Hanover Township, 225 F. Supp. 2d 503, 507 (E.D. Pa. 2002); Hofmister v. Miss. State Dep't of Health, 53 F. Supp. 2d 884, 886 (S.D. Miss. 1999); see also Donovan v. K F C Servs., Inc., 547 F. Supp. 503, 505 (E.D.N.Y. 1982).  The FLSA's definition of "employee" provides that certain government workers are not within the ambit of the statute.  See 29 C.F.R § 1620.1(a)(2) ("The [Equal Pay Act] covers all state and local government employees unless they are specifically exempted under section 3(e)(2)(C) of the FLSA[,]" which is codified at 29 U.S.C. § 203(e)(2)(C).).  The term "employee" does not include any individual:

> (i) who is not subject to the civil service laws of the State, political subdivision, or agency which employs him; and
> (ii) who –
> …
> (V) is an employee in the legislative branch or legislative body of that State, political subdivision, or agency….

29 U.S.C. § 203(e)(2)(C).

Lifrak is an employee of the New York City Council, the principal legislative body of the City of New York, a political subdivision of the State of New York.  See New York City Charter § 21 ("There shall be a council which shall be the legislative body of the city."); (Compl. ¶ 9).  As an

5

employee of the Council, Lifrak is covered by the "legislative body" provision in section 203(e)(2)(C)(ii)(V).

Lifrak contends that the "legislative body" provision does not apply to claims brought pursuant to the Equal Pay Act. In support of that contention, she argues that neither the text of the amendment that created the "legislative body" provision, Pub. L. 99-150, 99 Stat. 787 (1985), nor the corresponding legislative history, specifically refers to the Equal Pay Act. Nevertheless, the Equal Pay Act operates within the enforcement framework of the FLSA, and the FLSA's definitional provisions apply to the Equal Pay Act. See 29 C.F.R § 1620.1; Northwest Airlines, 451 U.S. at 79 n.1; Anderson, 169 F.3d at 119; Frasier, 930 F.2d at 1007. Although the Court has an obligation to construe the Equal Pay Act liberally, see Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 296, 105 S. Ct. 1953, 85 L. Ed. 2d 278 (1985), Lifrak fails to point to anything in the statutory language or the legislative history that supports the conclusion that Congress intended to exclude the "legislative body" provision of the FLSA's definition of employee from applying to the Equal Pay Act. See Anderson, 169 F.3d at 119-20 (noting that when Congress amended the FLSA's private right of action in 1974, "the scope of the [Equal Pay Act] was extended as well[,]" because the Equal Pay Act is part of the FLSA).

Section 203(e)(2)(C)(ii)(V) applies to Lifrak as an employee of the Council. If as provided in section 203(e)(2)(C)(i), she is also "not subject to the civil service laws of the State, political subdivision, or agency which employs [her]," she is not an "employee" pursuant to the FLSA, see 29 U.S.C. § 203(e)(2)(C), and therefore lacks standing to bring her Equal Pay Act claim. See 29 U.S.C. § 216(b). The following Department of Labor regulation provides instructive guidance on what type of state laws are contemplated by the term "civil service laws" in the FLSA:

> The term "civil service laws" refers to a personnel system established by law which is designed to protect employees from arbitrary action, personal favoritism, and political coercion, and which uses a competitive or merit examination process for selection and

6

placement. Continued tenure of employment of employees under civil service, except for cause, is provided.

29 C.F.R. §553.11(c). In order to maintain her claim, Lifrak must demonstrate by a preponderance of the evidence that she is subject – at least to some extent – to those New York laws that create the type of protective regime described above.

The New York Civil Service Law divides government employees into two categories: classified and unclassified. See N.Y. Civ. Serv. L. §§ 35, 40.[2] At oral argument in connection with this motion, Lifrak conceded, as she must, that she is an unclassified employee. The case law that exists holds that unclassified employees are not subject to the State's civil service laws. See County of Chautauqua v. Chautauqua County Employees' Unit 6300 of Local 807 of the Civ. Serv. Employees' Assoc., Inc., Local 1000, AFSCME, AFL-CIO, 181 A.D.2d 1052, 1052-53, 581 N.Y.S. 2d 967 (4th Dep't 1992) ("Employees of county boards of election are in the unclassified civil service and are not subject to civil service laws and regulations, including section 75 of the Civil Service Law."); Stowe v. Bd. of Supervisors of Rensselaer County, 236 A.D. 212, 216, 259 N.Y.S. 503 (3d Dep't 1932) (discussing that in Matter of Ryan v. Vars, 224 A.D. 773, 230 N. Y. S. 903 (1928), "Ryan was decided by us to be a legislative employee and, therefore, in the unclassified service and not subject to the Civil Service Law."), rev'd on other grounds, 260 N.Y. 662, 184 N.E. 136 (1932).

More specifically, several New York State courts have held that unclassified employees are not entitled to pre-termination hearings, as required by section 75 of New York's Civil Service Law. See, e.g., Berg v. Gerber, 54 N.Y. 2d 854, 856, 428 N.E. 2d 398, 444 N.Y.S. 2d 66 (1981) ("[A] person in the unclassified civil service is not protected by section 75 of the Civil Service Law against dismissal without a hearing or for other than misconduct or incompetency…."); In the Matter of Ragone, 194

---

[2] New York State law applies because New York City defines its classified and unclassified civil service in conformity with section 35 of the New York Civil Service Law. See Personnel Rules and Regulations of the City of New York, Rule 1 – Definitions (defining unclassified service as "all offices or positions in the civil service of New York City as described in section thirty-five of the [state] civil service law"), available at http://www.nyc.gov/html/dcas/html/resources/prr_rule1.shtml (August 19, 2005).

7

A.D. 2d 731, 731, 600 N.Y.S. 2d 89 (2nd Dep't 1993) ("The petitioner was not entitled to a pretermination hearing pursuant to Civil Service Law § 75 since she held an unclassified and at-will position."); County of Chautauqua, 181 A.D.2d at 1052-53; Parr v. Onondaga County Legislature, 529 N.Y.S. 2d 672, 673, 139 Misc. 2d 975 (Sup. Ct. Onondaga County 1988) (As an unclassified civil servant, petitioner was an at-will employee of the county legislature.). Cf. 4-129 Labor and Employment Law § 129.06 (Matthew Bender & Co. 2005) (noting that in the federal civil service, "excepted" employees "do not fall within the scope of the civil service laws and are defined as unclassified positions.").

Lifrak has proffered no colorable basis – neither evidentiary nor legal nor in logic – for concluding that she is subject to the civil service laws of New York. Lifrak maintains that simply because unclassified employees are referred to in the N.Y. Civil Service Law, see, e.g., §§ 35, 40, they are "part of" the civil service, see Carow v. Bd. of Educ., 272 N.Y. 341, 346-47, 6 N.E. 2d 47 (1936), and therefore are also "subject to" the civil service laws, even if, as Lifrak admits, they are "not entitled to all of the protections of the Civil Service Laws…." (Pl.'s Supp. Mem. in Opp. to Def.'s Mot. to Dismiss at 3).

That argument fails to satisfy Lifrak's burden. In light of the case law set forth above and the fact that "all elected officials," as well as "all offices filled by appointment of the governor" fit into the unclassified category, see N.Y. Civ. Serv. L. § 35, unclassified status cannot alone render an individual subject to the civil service laws of New York as contemplated by the FLSA. After all, elected officials are clearly not beneficiaries of a "personnel system established by law which is designed to protect employees from arbitrary action, personal favoritism, and political coercion, and which uses a competitive or merit examination process for selection and placement." 29 C.F.R. § 553.11(c); see also Kato v. Ishihara, 360 F.3d 106, 114 & n.5 (2d Cir. 2004) (explaining that among federal employees, political appointees are categorized as members of the unclassified civil service even

though they are not subject to competitive examinations or protections from termination). Moreover, elected officials are not ensured "[c]ontinued tenure of employment ... except for cause...." Id.

Lifrak has failed to meet her burden to show that she has statutory standing to assert her claim. As an employee of a legislative body, she cannot bring a private right of action pursuant to the Equal Pay Act if she is not subject to the civil service laws of New York. See 29 U.S.C. §§ 203(e)(2)(C), 216(b). In response to defendant's motion pursuant to Fed. R. Civ. P. 12(b)(1), Lifrak has failed to make any showing that she is subject to New York's civil service laws. Accordingly, she lacks statutory standing to pursue her Equal Pay Act claim and it need be dismissed for lack of subject matter jurisdiction. The Equal Pay Act claim is Lifrak's only claim brought pursuant to federal law and the Court declines to exercise its supplemental jurisdiction over her remaining state law claims. See 28 U.S.C. § 1367(c)(3).

III. Conclusion

The Council's motion to dismiss the complaint is granted on the grounds that this Court lacks subject matter jurisdiction over Lifrak's only federal claim.

Lifrak has requested leave to amend her complaint to assert a claim pursuant to the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and the Council has requested the opportunity to oppose that request. The Council may submit a memorandum on that issue by August 29, 2005. Lifrak may reply on or before September 6, 2005.

Dated: New York, New York
August 22, 2005

SO ORDERED:

Sidney H. Stein, U.S.D.J.