CHERYL R. SABAN (CS-0932)
GLENN S. GRINDLINGER (GG-7495)
JACQUELINE CEURVELS (JC-7846)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendant*
NEW YORK CITY COUNCIL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAPHORA M. LIFRAK,<br><br>                Plaintiff,<br><br>    - against -<br><br>NEW YORK CITY COUNCIL,<br><br>                Defendant. | 04 CV 4020 (SHS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR
PARTIAL DISMISSAL OF THE AMENDED COMPLAINT**

# TABLE OF CONTENTS

|   | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| PROCEDURAL HISTORY | 1 |
| ARGUMENT | 2 |
|     A. THE LEGAL STANDARD APPLICABLE TO A MOTION TO DISMISS | 2 |
|     B. AS A MATTER OF LAW, PLAINTIFF MAY NOT PURSUE HER NEW YORK STATE LABOR LAW CLAIM | 3 |
| CONCLUSION | 5 |

LEGAL_US_E # 70664455.1

# TABLE OF AUTHORITIES

## CASES

*Chambers v. City of New York*, 286 N.Y. 308 (1941)..................................................4, 5

*Cohen v. Stephen Wise Free Synagogue*, No. 95 CV 1659, 1996 WL 159096
   (S.D.N.Y. April 4, 1996)..................................................................................3

*Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)..................................2

*CIBC Bank & Trust Co. (Cayman) Ltd. v. Banco Central do Brasil*, 886 F. Supp.
   1105 (S.D.N.Y. 1995).......................................................................................2

*Drake v. Delta Air Lines, Inc.*, 147 F.3d 169 (2d Cir.1998)..............................................2

*Imburgia v. City of New Rochelle*, 223 A.D.2d 44, 645 N.Y.S.2d 111 (3d Dep't
   1996)................................................................................................................4

*Lifrak v. New York City Council*, 389 F. Supp. 2d 500 (S.D.N.Y. 2005)......................1, 2

*Mancuso v. Crew*, 255 A.D.2d 295, 679 N.Y.S.2d 324 (2d Dep't. 1998)..........................3

*Miteva v. Third Point Management Co., L.L.C.*, No. 03 CV 1671, 2004 WL.
   1494758 (S.D.N.Y. July 1, 2004)......................................................................3

*N.Y. City Coalition to End Lead Poisoning v. Vallone*, 293 A.D.2d 85, 741
   N.Y.S.2d 186 (1st Dep't 2002).........................................................................4

*Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 473 N.E.2d 11, 483 N.Y.S.2d 659
   (1984)...............................................................................................................3

*Phaneuf v. City of Plattsburgh*, 84 Misc. 2d 70, 376 N.Y.S.2d 781 (Sup. Ct.,
   Clinton Cty. 1974), aff'd, 50 A.D.2d 614, 375 N.Y.S.2d 500 (3d Dep't. 1975)............4

*Salling v. Koch*, 115 Misc. 2d 514, 454 N.Y.S.2d 416 (Sup. Ct. N.Y. Cty. 1982)............4

*Village of Pelham v. City of Mount Vernon Industr. Development Corp.*, 302
   A.D.2d 399, 755 N.Y.S.2d 91 (2d Dep't 2003)................................................4

## STATUTES

29 U.S.C. § 206(d)..............................................................................................................3

N.Y.C. Charter 52 § 1150(2)..............................................................................................4

N.Y. Labor Law § 194 (McKinney 2005)..........................................................................3

N.Y. Labor Law § 194 (McKinney 2005)..........................................................................3

## PRELIMINARY STATEMENT

Plaintiff Saphora M. Lifrak ("Plaintiff") is a former attorney of the New York City Council ("City Council" or "Defendant"). In her First Amended Complaint, Plaintiff purports to state a claim under New York Labor Law § 194 ("Labor Law") by alleging that male employees of the City Council received higher wages than Plaintiff received despite performing equal work. However, the First Amended Complaint ignores the fact that the City Council is not covered by the Labor Law. Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the City Council submits this Memorandum of Law in support of its Motion for Partial Dismissal of the Amended Complaint.

## PROCEDURAL HISTORY

On May 27, 2004, Plaintiff filed her initial Complaint with this Court alleging gender discrimination in violation of the Equal Pay Act, 29 U.S.C. § 206(d), the New York Labor Law, the New York State Human Rights Law, and the New York City Human Rights Law. See Complaint ¶¶1, 2. Thereafter, the City Council moved to dismiss the Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure on the grounds that: (a) Plaintiff was not covered by the Equal Pay Act, and thus this Court lacked subject matter jurisdiction, (b) Plaintiff's New York Labor Law claim was barred because the statute does not apply to governmental entities, and (c) Plaintiff's ethical obligations as an attorney prevented her from bringing an action against her then current client. See Lifrak v. New York City Council, 389 F. Supp. 2d 500, 501-502 (S.D.N.Y. 2005).

On August 22, 2006, this Court granted the City Council's motion to dismiss the Complaint holding that Plaintiff was not covered by the Equal Pay Act, and therefore, the Court

lacked subject matter jurisdiction.[1] Id. at 506. This Court did "not address [the City Council's] other arguments in light of [the Court's] own conclusion that it lacked subject matter jurisdiction[.]" Id. at 502 n.1. Thus, this Court did not rule on the viability of Plaintiff's Labor Law Claim.

On September 6, 2005, rather than amending her complaint, Plaintiff moved instead for reconsideration of this Court's August 22 order dismissing the Complaint. This Court denied Plaintiff's reconsideration motion on February 14, 2006. Thereafter, on March 13, 2006, Plaintiff amended her Complaint to include, *inter alia*, a claim of gender discrimination under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

The City Council now renews its motion to dismiss Plaintiff's Labor Law claim.

## ARGUMENT

### A. THE LEGAL STANDARD APPLICABLE TO A MOTION TO DISMISS

A motion to dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(6) where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Drake v. Delta Air Lines, Inc., 147 F.3d 169, 171 (2d Cir.1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (quotation marks omitted); accord CIBC Bank & Trust Co. (Cayman) Ltd. v. Banco Central do Brasil, 886 F. Supp. 1105, 1108 (S.D.N.Y. 1995) ("Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are designed to test the legal sufficiency of a plaintiff's claims."). As discussed below, the instant motion fully satisfies this standard.

---

[1] This Court also granted Plaintiff's request to amend the Complaint to assert a cause of action against the City Council under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, which Plaintiff had raised in her opposition to the City Council's original motion. Lifrak, 389 F. Supp. 2d at 506.

## B. AS A MATTER OF LAW, PLAINTIFF MAY NOT PURSUE HER NEW YORK STATE LABOR LAW CLAIM

In her First Amended Complaint, Plaintiff states that she is "bring[ing] this action to remedy discrimination on the basis of sex for defendant's failure to pay male and female employees equal wages in violation of the New York State Labor Law § 194 (the 'Labor Law')." First Amended Complaint ¶2. However, the Labor Law specifically excludes public employers, such as the City Council. Plaintiff's Labor Law claim must therefore be dismissed.

Section 194 of the Labor Law is the state-law equivalent of the federal Equal Pay Act. Compare 29 U.S.C. § 206(d) and N.Y. Labor Law § 194 (McKinney 2005). Subject to four enumerated exceptions, the law forbids employers from paying employees "a wage at a rate less than the rate at which an employee of the opposite sex in the same establishment is paid for equal work...." N.Y. Labor Law § 194 (McKinney 2005).

However, covered employers under § 194 do not include governmental entities. "Section 190 of the Labor Law sets forth definitions that apply specifically and exclusively to Article 6," which includes § 194. Miteva v. Third Point Management Co., L.L.C., No. 03 CV 1671, 2004 WL 1494758 at *4 (S.D.N.Y. July 1, 2004); see also, Patrowich v. Chemical Bank, 63 N.Y.2d 541, 543, 473 N.E.2d 11, 13, 483 N.Y.S.2d 659, 661 (1984); Cohen v. Stephen Wise Free Synagogue, No. 95 CV 1659, 1996 WL 159096 at *4 (S.D.N.Y. April 4, 1996). Section 190 defines employers to include "any person, corporation or association employing any individual in any occupation, industry, trade, business or service [but] *shall not include a governmental agency.*" N.Y. Labor Law § 190(3) (McKinney 2005) (emphasis added).

Indeed, New York courts have consistently held that Article 6 of the New York State Labor Law, which includes §§ 190 and 194, does not apply to governmental agencies, such as the City Council. See Mancuso v. Crew, 255 A.D.2d 295, 296, 679 N.Y.S.2d 324 (2d Dep't. 1998) (the New York City Board of Education was excluded from the provisions of Article 6

because it is a governmental agency); Salling v. Koch, 115 Misc.2d 514, 515, 454 N.Y.S.2d 416, 418 (Sup. Ct. N.Y. Cty. 1982) (the Labor Law specifically exempts governmental bodies from the requirements of Article 6); Phaneuf v. City of Plattsburgh, 84 Misc.2d 70, 73, 376 N.Y.S.2d 781, 784 (Sup. Ct., Clinton Cty. 1974), aff'd, 50 A.D.2d 614, 375 N.Y.S.2d 500 (3d Dep't. 1975) (Article 6 of the Labor Law does not apply to governmental agencies).

In her opposition to Defendant's Motion to Dismiss the Complaint, Plaintiff argued that city councils are not "governmental agencies." See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint at 22-23. This argument is baseless. Many New York courts have referred to city councils, including Defendant, as "governmental agencies." See, e.g., Village of Pelham v. City of Mount Vernon Industr. Dev. Corp., 302 A.D.2d 399, 401, 755 N.Y.S.2d 91, 92-93 (2d Dep't 2003) ("the City Council of the City of Mount Vernon, as an involved agency, conducted an adequate and appropriate coordinated environmental review"); N.Y. City Coalition to End Lead Poisoning v. Vallone, 293 A.D.2d 85, 91, 741 N.Y.S.2d 186, 191 (1st Dep't 2002) ("[i]n this case, the [New York] City Council identified itself as the lead agency and classified adoption of Local Law 38 as an Unlisted action"); Imburgia v. City of New Rochelle, 223 A.D.2d 44, 46, 645 N.Y.S.2d 111, 113 (3d Dep't 1996) ("[t]he City Council, in its capacity as lead agency for the project, issued a negative declaration of environmental significance and authorized the City to execute a purchase and sale agreement.").

Moreover, the New York City Charter defines the term "agency" and such definition includes the City Council. See N.Y.C. Charter 52 §1150(2) ("the term agency shall mean a city, county ... *institution, or agency of government*, the expenses of which are paid in whole or in part from the city treasury.") (emphasis added); see also Chambers v. City of New York, 286

N.Y. 308, 312-313 (1941) (holding that the "[New York City] Council is an agency of the city" and thus the government).

Accordingly, based on the case law and the New York City Charter's own language, it cannot be disputed that the City Council is a governmental agency under Article 6 of the New York Labor Law. Therefore, the City Council is not a covered employer under New York Labor Law § 194, and thus, Plaintiff's claim for relief under this statute must be dismissed.

## CONCLUSION

For the reasons set forth herein, the Court should dismiss Plaintiff's claim under New York Labor Law § 194 with prejudice and grant such other and further relief as it deems just and proper.

Dated: New York, New York
April 10, 2006

PAUL, HASTINGS, JANOFSKY & WALKER LLP

_____
Cheryl R. Saban (CS-0932)
Glenn S. Grindlinger (GG-7495)
Jacqueline Ceurvels (JC-7846)
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendant*
New York City Council